UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20137-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL WILLIAMS,

    Defendant.
_____/

**ORDER ON MOTION TO EXCLUDE EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

**THIS CAUSE** is before the Court upon the Defendant Michael Williams's ("Defendant" or "Williams") Motion to Exclude Evidence Pursuant to Federal Rule of Evidence 404(b), ECF No. [33] ("Motion"). The Government filed a Response, ECF No. [36], to which Defendant filed a Reply, ECF No. [40]. The Court has considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

On March 9, 2021, Defendant was charged by Indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count I) and attempt to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count II). ECF No. [12]. The controlled substance allegedly involved in this case is methamphetamine.

According to the Government, the underlying facts are as follow. In early February 2021, law enforcement identified a package sent from Southern California to an address in Miami suspected of containing narcotics. The package was sent to an address belonging to Defendant's

co-conspirator, Michelle Berry ("Berry"), who was already under investigation for drug trafficking. After obtaining a search warrant, law enforcement discovered 1,335 grams of a mixture and substance containing methamphetamine. Law enforcement thereafter obtained a tracking warrant for the package and an anticipatory search warrant for Berry's home. Several days later, law enforcement conducted a controlled delivery by installing electronic tracking devices onto the package now containing "sham" methamphetamine and placed it outside of Berry's home. Berry retrieved the package and took it inside. Approximately one hour later, Defendant arrived at Berry's home.

A short time later, law enforcement received a signal alerting that the package had been opened. When law enforcement officers thereafter knocked and announced their presence, Defendant tried to jump out of a window, and when requested that he stop, he pulled himself back inside the home. The officer who requested Defendant stop also observed him throwing the sham methamphetamine out of the same window. Law enforcement then proceeded to execute the search warrant, which revealed drug paraphernalia, and they discovered Defendant in bed hiding under the covers in the master bedroom. When interviewed after his arrest, Defendant claimed to have met Berry days before and that he did not know anything about "whatever she had going on."

Berry pleaded guilty to Count I of the indictment and is awaiting sentencing. Defendant has pleaded not guilty and his trial is scheduled to take place on October 25, 2021. The Government seeks to introduce at trial two of Defendant's prior convictions for possessing controlled substances with the intent to distribute. The instant Motion seeks to exclude such evidence under Rule 404(b).

## II. LEGAL STANDARD

Rule 404(b) prohibits evidence of another crime, wrong, or act to prove a person's character

to show action in conformity with that character. Specifically, the Rule prohibits the use of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

"To be admissible, the Rule 404(b) evidence (1) must be relevant to an issue other than the defendant's character, (2) there must be sufficient proof to allow a jury to find that the defendant committed the extrinsic act, and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and that the evidence must meet the other requirements of Rule 403." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012) (quoting *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992)); *see also United States v. Matthews*, 431 F.3d 1296, 1310-1311 (11th Cir. 2005) (citing *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978)).

Through this lens, the Court considers the Motion.

### III.   DISCUSSION

Defendant requests that the Court exclude evidence of his 2003 and 2011 convictions because their age and factual dissimilarity render them minimally probative and highly prejudicial.[1] In response, the Government asserts that the evidence of the two prior convictions is relevant and admissible under Rule 404(b) as evidence of intent, knowledge, and that his conduct in this case was not the result of a mistake or accident. Specifically, the Government intends to

---

[1] Defendant also requests that the Court exclude evidence of his 1995 conviction for possession with intent to sell or deliver cocaine. However, the Government responds that it is only seeking to introduce evidence of the 2003 and 2011 convictions. *See* ECF No. [36] at 4.

introduce Defendant's 2011 conviction for possession with intent to distribute cocaine and a 2003 conviction for possession with intent to sell or deliver cocaine.

### A. Relevance

In a drug conspiracy case, "a not guilty plea renders the defendant's intent a material issue." *Matthews*, 431 F.3d at 1311; *see also United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013) (stating that "there is ample precedent in this circuit finding that a not guilty plea in a drug conspiracy case makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent." (quoting *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (cleaned up))).

At the outset, the Court notes that under applicable case law, the first prong of the inquiry with respect to admissibility of the prior convictions under Rule 404(b) is satisfied here. In *Matthews*, the Eleventh Circuit concluded that the trial court had not abused its discretion in determining that the defendant's prior arrest for distribution of cocaine was relevant to the intent at issue in the crime charged, which was conspiracy to distribute cocaine. The Eleventh Circuit noted that "circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy." 431 F.3d at 1311.

Nevertheless, Defendant advocates for a narrow interpretation of Eleventh Circuit precedent, relying upon Judge Tjoflat's special concurrence in *Matthews*. Judge Tjoflat wrote "separately to express [his] view that the circuit's doctrine with respect to admission of Rule 404(b) evidence in conspiracy cases has evolved into one that undermines Rule 404(b) itself and represents a perversion of the origins of the circuit's doctrine in this context." *Id*. at 1313. Of note, Judge Tjoflat observed that "the mental states involved in the substantive drug offenses have very little to do with a defendant's mental state regarding an agreement to conspire . . . [and thus that]

[i]f . . . intent to conspire cannot be inferred from proof of the underlying drug offense, it strains credulity to presume that a prior, unrelated drug offense might be at all probative of one's current intent to conspire." *Id*. at 1317. Defendant argues that, following Judge Tjoflat's reasoning, evidence of his prior convictions is relevant only to show a defendant's intent to commit the target of the conspiracy and the substantive offense allegedly attempted.

While the Court acknowledges the reasoning of the special concurrence in *Matthews*, Judge Tjoflat himself recognized that in spite of his views, he was bound to concur in the court's judgment because the state of the law is that "in any conspiracy case where the defendant has pleaded not guilty and has not stipulated to intent, any prior act that has anything to do with the object of the conspiracy is deemed probative of the intent to engage in the conspiracy." *Id*. at 1320. Indeed, the law in this circuit dictates that where a defendant pleads not guilty to a conspiracy charge, his intent is a material issue and evidence of prior drug dealings is relevant to the intent to distribute a controlled substance and involvement in a conspiracy. *See Sanders*, 668 F.3d at 1314; *Smith*, 741 F.3d at 1225.

As such, the Court applies the majority, and controlling, view and determines Defendant's prior convictions are relevant to the issue of intent regarding the offenses charged in this case. Therefore, the first prong of the 404(b) inquiry—relevance—is satisfied.

### B. Sufficiency of proof that the defendant committed the extrinsic act

The second prong the Court must consider is whether there is sufficient proof to allow a jury to find that the Defendant committed the extrinsic act. The Government seeks to introduce certified copies of Defendant's 2003 and 2011 convictions to establish that he is the person convicted in the prior cases. Defendant concedes that because the Government intends to introduce convictions, the second prong is satisfied. Indeed, "[i]t is elementary that a conviction is sufficient

proof that [the defendant] committed the prior act." *Calderon*, 127 F.3d at 1332 (citation omitted). Accordingly, the Court finds that the second prong with respect to admissibility is also satisfied.

### C. Probative value versus unfair prejudice

The Court next considers the third prong—whether the probative value of Defendant's prior convictions is substantially outweighed by a danger of unfair prejudice. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013) (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). In conducting this balancing, apart from whether the issue of intent is contested, the court considers prosecutorial need, "the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007); *Calderon*, 127 F.3d at 1332.

Defendant argues that evidence of his 2003 and 2011 convictions should be excluded because the convictions are too old and are too factually dissimilar to be sufficiently probative. As such, Defendant contends that the danger of unfair prejudice is that a jury would view these past convictions as evidence of bad character or propensity to deal drugs. As a result, the jury may convict the Defendant based on the prohibited inference that because he was convicted of drug crimes in the past, he likely committed the drug crimes charged here.

In response, the Government asserts that each prior conviction falls within the range of prior admissible convictions under Eleventh Circuit precedent, that Defendant's prior convictions for possession of a controlled substance with the intent to distribute contain the same state of mind as the offenses charged in this case—the intent to distribute—and are therefore highly probative,

6

and the prior convictions are also highly probative evidence against Defendant's likely "mere presence" defense by showing an absence of mistake or accident.

The Court considers each argument in turn.

### i. Temporal proximity

The Court agrees with Defendant that the 2003 conviction is too remote. Although it falls within the permissible age range of prior convictions under circuit precedent, the Eleventh Circuit has also noted that it "has refrained from adopting a bright-line rule with respect to temporal proximity because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." *Matthews*, 431 F.3d at 1311 (quoting *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991) (quotations omitted)). "[T]he more time separating the charged and prior offense, the less probative value can be assigned the extrinsic evidence." *United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990) (citation omitted).

Here, the Court finds that a conviction eighteen (18) years ago for sale or delivery of crack cocaine is too remote to be probative of the Defendant's intent or *mens rea* for the current charges against him. In addition, the Court is not persuaded by the Government's suggestion that the remoteness is diminished because Defendant was incarcerated for the majority of the time since he committed the 2003 offense, relying on *United States v. LeCroy*, 441 F.3d 914, 926 (11th Cir. 2006). In *LeCroy*, the court determined that a ten-year time period between the prior crimes and the charged crimes was diminished not only because the defendant was incarcerated for most of that time, but also because the charged crime was committed very soon after the defendant's release from prison. *Id*. Here, the Government has made no such assertion with respect to the timing of Defendant's involvement in the charged crimes, and the 2003 conviction is almost twice as old as the prior crimes in *LeCroy*. Accordingly, the Court determines that Defendant's 2003

conviction is not admissible in this case.

The Court, however, cannot draw the same conclusion with respect to the age of Defendant's 2011 conviction. The Government asserts, and Defendant does not dispute, that he was incarcerated for most of the time since he committed the 2011 offenses. Indeed, Defendant served a sentence of 77 months and was released to begin a 4-year term of supervised release on March 15, 2017. *See* Case No. 11-cr-20444-MGC.[2] The instant offense is alleged to have taken place on February 10, 2021. Here, as in *LeCroy*, the Court finds that the ten-year time period between the 2011 conviction and the charged offenses is diminished because Defendant allegedly committed the instant offense less than three years following his release from custody and during his term of supervised release in the 2011 case. As such, the Court finds that Defendant's 2011 conviction is not too remote.

### ii. Factual dissimilarity

Nevertheless, Defendant argues that the 2011 conviction should be excluded because it is too factually dissimilar to the offenses charged in this case and the risk of unfair prejudice outweighs its probative value. Indeed, "[t]he probative value of the extrinsic offense correlates positively with its likeness to the offense charged." *Cardenas*, 895 F.2d at 1344 (citation and alteration omitted). Defendant points out that the 2011 conviction involved street level sales of relatively small amounts of crack cocaine, while the offenses charged here involve large amounts of a different drug, methamphetamine. Therefore, Defendant argues that evidence of his 2011 conviction should be excluded. The Government contends that the Defendant's argument contravenes established law and the difference in drug type is not material.

Upon review, the Court agrees that the difference in drug type does not preclude its

---

[2] *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court).

admissibility. Although Defendant argues that none of the cases cited by the Government involved extrinsic acts that were as factually dissimilar and as old, the Court is not persuaded that the factual dissimilarities with respect to the 2011 conviction are decisive. First, the Court has already determined that the 2011 conviction is not too remote to be probative. Second, Defendant has not cited a case in which a court found that a prior conviction was not admissible simply because it involved a different amount of a different drug. For example, in *Sanders*, a case involving an international conspiracy to traffic 153 kilograms of cocaine, the Eleventh Circuit determined that the district court abused its discretion in admitting a 22 year-old conviction for the street-level sale of 1.4 grams of marijuana based on the "factual combination . . . of the lengthy time span, the extremely disparate amounts of different drugs, and the materially differing roles in the offenses." 668 F.3d at 1315. Here, Defendant's 2011 conviction is less remote than the conviction at issue in *Sanders*. Moreover, the Court cannot conclude that there is an extremely disparate amount of different drugs. Defendant's 2011 conviction involved the sale of 73.74 grams of crack cocaine, over a two month period, while the present case involves 3.3 pounds of methamphetamine.

Indeed, in *United States v. Diaz-Lizaraza*, the court determined that evidence of the defendant's prior arrest for possession of marijuana with intent to distribute was relevant and admissible to the issue of intent to conspire to possess and distribute cocaine, even though the two offenses involved different amounts and types of drugs. 981 F.2d 1216, 1226 (11th Cir. 1993). Similarly, in *Smith*, the defendant was charged with conspiring to distribute and possess with intent to distribute cocaine. The court rejected the defendant's argument that evidence of two prior convictions for possession of cocaine were unduly prejudicial because they occurred six and ten years before the charged offense and were for possession, not distribution or possession with intent to distribute, cocaine. 741 F.3d at 1225. In addition, the court in *United States v. Lampley*, 68 F.3d

9

1296, 1300 (11th Cir. 1995), held that evidence of 15-year-old small-scale marijuana offenses was admissible where the defendant was charged with conspiracy to distribute cocaine and possession of cocaine with intent to distribute, even though the prior offenses were "unlike the instant large cocaine deal," which involved 10 kilograms of cocaine. *See also United States v. Barron-Soto*, 820 F.3d 409, 418 (11th Cir. 2016) (rejecting contention that admission of prior drug offense was unduly prejudicial in part because it involved a smaller amount and different type of drugs).

Here, although Defendant's 2011 conviction involved street level sales of small amounts of crack cocaine, it required the same state of mind, and is therefore highly probative. *See id.* ("Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy." (quotations omitted)).

### iii. Government's need for the evidence to prove intent

Finally, the Eleventh Circuit has recognized "the special difficulty of proving intent in conspiracy cases." *Diaz-Lizaraza*, 981 F.2d at 1225 (quoting *Pollock*, 926 F.2d at 1048). *See also, United States v. Glen-Archila*, 677 F.2d 809, 816 (11th Cir. 1982) ("The former Fifth Circuit has in the past noted the difficulty the government often has in proving intent in conspiracy cases.") (citing *United States v. Roberts*, 619 F.2d 379, 382-83 (5th Cir. 1980)); *Calderon*, 127 F.3d at 1332. ("[T]he court should consider the strength of the government's case on the intent issue absent the proffered evidence of prior bad acts."); *Cardenas*, 895 F.2d at 1343 (citation omitted). "While the strength of the government's case regarding intent is important in comparing probative value and prejudice, the greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." *Delgado*, 56 F.3d at 1366 (citations and internal quotations omitted).

Moreover, where a defendant asserts a mere presence defense, the introduction of evidence

10

of other crimes is highly probative to counter such a defense. *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Defendant has not disputed the Government's representation that he will rely upon a mere presence defense to the charges in this case. Thus, to the extent that Defendant will rely upon such a defense, evidence of his prior drug conviction is certainly relevant and admissible. *See Lampley*, 68 F.3d at 1330 (where defendant presented mere presence defense, evidence of prior drug dealings relevant to show motive, intent, knowledge, and willfulness). Accordingly, Defendant fails to show that the probative value of the 2011 conviction is substantially outweighed by the danger of unfair prejudice.

### iv. Limiting instruction

Finally, the Court notes further that any unfair prejudice from admitting Defendant's 2011 conviction will be addressed by an appropriate limiting instruction to the jury. *See United States v. Borja-Antunes*, 530 F. App'x 882, 886 (11th Cir. 2013) (finding that the court's limiting instruction reduced the risk of undue prejudice in admitting evidence of prior conviction); *Calderon*, 127 F.3d at 1333 (same); *Diaz-Lizaraza*, 981 F.2d at 1225 (same); *Edouard*, 485 F.3d at 1346 (same).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [33]**, is **GRANTED IN PART**. Evidence of Defendant's 2003 conviction is excluded; however, the Government will be permitted to introduce evidence of Defendant's 2011 conviction.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 31, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record