UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20137-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL WILLIAMS,

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL GOVERNMENT TO IDENTIFY STATEMENTS OFFERED UNDER FRE 801(d)(2)(E)

**THIS CAUSE** is before the Court upon Defendant Michael Williams's ("Defendant" or "Williams") Motion to Compel Government to Identify Statements Offered under FRE 801(d)(2)(E), ECF No. [61] ("Motion"). Plaintiff United States of America ("Government") filed a Response, ECF No. [66], to which Defendant filed a Reply, ECF No. [67]. The Court has carefully considered the Motion, the response and reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Court assumes the parties' familiarity with the underlying facts of this case. For purposes of the Motion, the critical facts include that Defendant is charged with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count I) and attempt to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count II). ECF No. [12]. He has pleaded not guilty, and this case is scheduled for trial on December 6, 2021. ECF No. [65]. In addition, the Government has indicated that it is unlikely to call Defendant's co-conspirator, Michelle Berry ("Berry"), to testify at Defendant's trial. As a result, Defendant anticipates that the Government will seek to introduce at his trial statements

made by Berry as non-hearsay pursuant to Federal Rule of Evidence 801(d)(2)(E). Defendant therefore seeks an order compelling the Government to identify which statements it intends to offer under Rule 801(d)(2)(E) to avoid delays during trial.

The Government responds that Defendant's request should be denied because no principle of federal criminal law requires the Government to specifically identify such statements, or otherwise "lock itself into a particular trial presentation so far in advance of trial." ECF No. [66] at 1. The Government argues further that early disclosure of the co-conspirator statements it intends to introduce at trial is inappropriate because the Motion lacks any specificity about what co-conspirator statements Defendant contends are inadmissible. According to the Government, it has produced all of the co-conspirator's statements made during the conspiracy and after arrest. Notably, Defendant does not contend that there are statements made by co-conspirator Berry that the Government has *failed* to produce in discovery. As such, the Government contends that the proper course is for *Defendant* to specifically identify any statements he believes should be excluded and seek appropriate relief from the Court—rather than seek an order from the Court compelling the *Government* to specifically identify which statements of those produced in discovery it intends to rely upon at trial. Upon review, the Court agrees with the Government.

The Rules of Evidence define as not hearsay a statement offered against an opposing party that "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Rule further states that "[t]he statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it . . . ." Fed. R. Evid. 801(d)(2). "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). "There must be

evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Id*. In addition, "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court." *Id*. (quoting Federal Rule of Evidence 104(a)). "[W]hen the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence." *Id*. at 176. For statements to be admissible under Rule 801(d)(2)(E), the Government must prove that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course and in furtherance of the conspiracy. *United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002).

Defendant contends that because the Government bears the burden of proving that co-conspirator statements are admissible, the Court should require the Government to identify the specific statements it considers to be admissible in this case so that the parties can litigate the admissibility of such statements now in order to determine whether Defendant should request a *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979). However, Defendant's request appears to turn the process on its head. "A *James* hearing is simply a device for avoiding the risk of inadvertent introduction of hearsay at trial. It is not dispositive on the issue of hearsay, however, because the admissibility of testimony is, ultimately, a trial ruling." *United States v. Pepe*, 747 F.2d 632, 653 (11th Cir. 1984). Nor is a *James* hearing mandatory. *Id*. While the Court appreciates Defendant's argument that requiring the Government to identify specific co-conspirator statements now may be more efficient, Defendant points to no rule or law that would require the process he now urges.

Defendant relies upon *United States v. Holland*, 396 F. Supp. 3d 1210 (N.D. Ga. 2019), for support. However, *Holland* is easily distinguishable. First, the issue of the introduction of co-

conspirator statements arose before the court in *Holland* because the defendants sought a *James* hearing, which Defendant has not done here. 396 F. Supp. 3d at 1248. The government opposed the defendants' request in *Holland* as impractical because, as the court recognized, there were as many as fifty-five (55) potential coconspirators involved. *Id*. Therefore, as a "compromise", and because the government planned to do so anyway thirty days in advance of trial, the court in *Holland* ordered the government to provide a list of coconspirator statements within sixty days of the order so that the defendants could move to exclude the ones they believed should be excluded at least sixty days in advance of trial, and so the court could rule on such a motion and hold a hearing if necessary. *Id*. at 1248-49. Here, there is one co-conspirator, and Defendant has not requested a *James* hearing. Moreover, Defendant has not argued that there are statements made by Berry that have not been properly disclosed in discovery.

As such, if Defendant believes in good faith that there are statements made by Berry which would not be properly admissible at trial under Rule 801(d)(2)(E), Defendant may file a motion seeking the exclusion of such statements, so that the Court may rule on the motion or hold a *James* hearing in advance of trial, if necessary. Absent a rule or law requiring otherwise, the Court will not require the Government at this juncture to specifically identify which of the statements made by Berry it may seek to introduce at Defendant's trial.

Accordingly, the Motion, **ECF No. [61]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 14, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

CASE NO. 21-cr-20137-BLOOM

Counsel of record